**Thomas HARTMAN, Plaintiff–Appellee,**

v.

**COUNTY OF NASSAU, Nassau County Police Department, Karl N. Snelders, Police Officer, Michael Knatz, Police Officer, Robert Turk, Deputy Inspector, Thomas Zamojcin, Lieutenant,**

"John" Smith, Police Officer, "John" Brady, Police Officer, Barry O. Franklin, Detective, Thomas O. McCaffrey, Police Officer, "John and Jane Does 1–15", Representing as Yet Unknown and Unidentified Police Officers, Defendants–Appellants.

No. 08–2595–cv.

United States Court of Appeals, Second Circuit.

Oct. 1, 2009.

Daniel J. Hansen, New York, NY, for Plaintiff–Appellee.

Dennis J. Saffran, Appeals Bureau Chief, for Lorna B. Goodman, County Attorney of Nassau County, Mineola, NY, for Defendants–Appellants.

Present: JOSEPH M. McLAUGHLIN, ROBERT A. KATZMANN, Circuit Judges, EDWARD R. KORMAN, District Judge.*

### SUMMARY ORDER

Defendants–Appellants appeal from a memorandum and order of the United States District Court for the Eastern District of New York (Pollak, *M.J.*) entered April 28, 2008, 2008 WL 1923127, to the extent it denied their motion for summary judgment. We assume the parties' familiarity with the underlying facts and procedural history of the case.

* Judge Edward R. Korman of the United States District Court for the Eastern District of New York, sitting by designation.

■ "Ordinarily, 'the denial of a motion for summary judgment is not immediately appealable because such a decision is not a final judgment.'" *Cowan ex rel. Estate of Cooper v. Breen,* 352 F.3d 756, 760 (2d Cir.2003) (quoting *O'Bert ex rel. Estate of O'Bert v. Vargo,* 331 F.3d 29, 38 (2d Cir. 2003)). We have jurisdiction to consider this appeal, however, because the district court rejected defendants' contention that they were entitled to a defense of qualified immunity as a matter of law. *See Savino v. City of New York,* 331 F.3d 63, 71 (2d Cir.2003); *Golino v. City of New Haven,* 950 F.2d 864, 868 (2d Cir.1991). We review a district court's denial of a motion for summary judgment sounding in qualified immunity *de novo,* evaluating the facts in the light most favorable to the plaintiff. *See Savino,* 331 F.3d at 71; *see also Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

"Qualified immunity shields government officials performing discretionary functions 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Zellner v. Summerlin,* 494 F.3d 344, 367 (2d Cir.2007) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). "It is well established that 'use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness.'" *Stephenson v. Doe,* 332 F.3d 68, 77 (2d Cir.2003). Nonetheless, an officer who has used excessive force is entitled to qualified immunity if his conduct falls in "the sometimes 'hazy border between excessive and acceptable force.'" *Brosseau v. Haugen,* 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (quoting *Saucier,* 533 U.S. at 206, 121 S.Ct. 2151). Thus, the relevant inquiry "is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 199, 125 S.Ct. 596 (internal quotation marks omitted); *see also Stephenson,* 332 F.3d at 77. But the Supreme Court has "expressly rejected a requirement that previous cases be 'fundamentally similar'" in order for the law to be clearly established. *Hope v. Pelzer,* 536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002).

In this case, defendants contend that a reasonable officer would not have known, based on general Fourth Amendment principles and prior case law, that Officer Snelders could not terminate Hartman's on-foot escape by hitting him with a car. We disagree.

■ Assuming Hartman's version of the disputed facts and drawing all inferences in his favor, at the time of Officer Snelders's allegedly illegal conduct it was not reasonable to believe that Hartman posed a danger to the officers or the public. At that time, Hartman was running away from the officers on foot, he was wanted only on misdemeanor charges, and there was no evidence that Hartman then possessed a weapon. *See O'Bert,* 331 F.3d at 40 (concluding that suspect's previous threats, where intervening circumstances indicated that the suspect could not follow through on those threats, were not relevant to whether the use of force was reasonable).

Based on these facts and circumstances, we cannot say that a reasonable police officer would not have known that the Fourth Amendment prohibited Snelders's use of force. Consequently, we are unable to conclude that defendants are entitled to a defense of qualified immunity as a matter of law.

For the reasons set forth above, the judgment of the district court is hereby

**AFFIRMED** and the case is **REMANDED.**